# Shields, Appellant, *v.* Pittsburg.

*Eminent domain—Parks—Municipalities—Vendor and vendee.*

Where a city has under the Act of June 26, 1895, P. L. 349, by ordinance appropriated land for park purposes, but does not actually enter thereon until afterwards, the date of taking after there is an actual entry, relates back to the date of the ordinance.

Where a person has granted land by deed of general warranty, and been paid partly in cash and partly in a purchase money mortgage, and it appears that the land conveyed had already been appropriated by a city ordinance for park purposes, and thereafter the grantee in condemnation proceedings recovers as damages an amount not sufficient to pay him what he had actually advanced for the property, the grantor has no standing to have the amount of the damages paid to him on his purchase money mortgage.

Argued Oct. 31, 1901. Appeal, No. 75, Oct. T., 1901, by Thomas Hogan, from order of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 973, discharging rule to pay certain moneys to Thomas Hogan in the case of Daniel Shields v. City of Pittsburg. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule to show cause why certain moneys should not be paid to Thomas Hogan.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order discharging the rule.

*M. A. Woodward* for appellant.—It has always been held, that a purchaser, after the initiation of proceedings to take property by condemnation, has no standing whatever in court: Zimmerman v. Union Canal Co., 1 W. & S. 353; In re Widening of Chestnut Street, 118 Pa. 599.

When the right and title of the party seeking condemnation becomes complete, the right of the owner to his damages accrues: Lewis on Eminent Domain, p. 1474, sec. 665.

*George H. Stengel,* for appellee.—A grantor of land, which has been appropriated by a city for park purposes prior to his

conveyance, cannot have a judgment for damages for the land in favor of his grantee applied to his purchase money mortgage, where the amount of the judgment is less than the consideration actually paid him in cash by his grantee : Rawle's Covenants for Title, sec. 140 ; West v. Stewart, 7 Pa. 124 ; Cox v. Henry, 32 Pa. 18; Wacker v. Straub, 88 Pa. 32; Beaupland v. McKeen, 28 Pa. 124 ; Wyoming Coal & Transportation Co. v. Price, 81 Pa. 156 ; Bromley v. Philadelphia, 20 Phila. 302 ; France v. Ruddiman, 126 Pa. 257.

*Wm. W. Smith,* assistant city solicitor, with him *W. B. Rodgers,* city solicitor, for the city of Pittsburg.

OPINION BY MR. JUSTICE BROWN, January 6, 1902 :

On January 15, 1898, Thomas Hogan by his deed of general warranty undertook to convey to Daniel Shields, the appellee, two lots situated on Rachel street, in the city of Pittsburg. The consideration was $5,000, one half of which was paid at the time the deed was delivered and the other half secured by a purchase money mortgage. Under the Act of June 26, 1895, P. L. 349, conferring upon cities the right " to purchase, acquire, enter upon, take, use and appropriate private property for the purpose of making, enlarging, extending and maintaining public parks within the corporate limits of said cities, whenever the councils thereof shall by ordinance or joint resolution, determine thereon," the city of Pittsburg, by ordinance of April 2, 1896, appropriated these two lots, then the property of Hogan, for park purposes. The language of the ordinance is that the city " does hereby elect and resolve to take, use and appropriate the said real estate and land for the purposes aforesaid." On April 6, 1898, the petition of the city of Pittsburg was presented to the court, asking for the appointment of viewers to determine the damages to be paid to Daniel Shields for the appropriation of the said lots, as he and the municipality could not agree upon the amount to be paid him. From the award made by the viewers Shields appealed, and on November 9, 1900, nearly three years from the time he had paid Hogan the $2,500 and executed his mortgage for the same amount, in payment of the purchase money of $5,000, a verdict was rendered in his favor for $2,600 as compensation for the lots

so taken for park purposes. Upon the petition of Hogan, the amount due on this verdict was paid into court and a rule granted to show cause why it should not be paid to him on his purchase money mortgage. This rule was discharged and the fund was directed to be paid to Shields. The foregoing are substantially the facts as we gather them from the appellant's paper-book, which is fairly open to appellee's criticism of its inadequacy.

The court below refused to award the money to Hogan for the reason that at the time he undertook to sell his land to Shields, it had already been appropriated by the city of Pittsburg for public purposes, and the vendee acquired nothing for the $2,500 which he paid at the time, and for his mortgage of $2,500, except an equitable assignment of the damages to be paid by the city. Shields had parted with his money and had given his mortgage, but instead of getting the land which Hogan's deed called for, and which he thought he was buying, all that he could get was the damages subsequently awarded. They were insufficient to pay him what he had actually advanced for the property; but in the face of this, Hogan demands that the money be paid him on his mortgage. This the court properly refused on the ground, as stated, that he had not given to Shields what he had undertaken to convey by his deed of general warranty, his lots, at the time of the execution and delivery of the deed, having been already appropriated by the city: and his liability to his grantee for his breach of the warranty was in excess of his claim for the unpaid purchase money. On April 15, 1898, the lots described in his deed had unquestionably been appropriated, the appropriation dating back to April 2, 1896, the date of the ordinance. Counsel for appellant frankly admits that "the first and main question is that of the time of the appropriation of the Hogan lots, or in other words, the legal taking of the property." This question was decided adversely to him by the learned judge below who, without citing or relying upon any case as authority, held, that "Although the city did not immediately take physical possession of the property, we think the passage of this ordinance of April 2, 1896, was an appropriation of the land." Counsel for appellant states in his paper-book that he had found no authority sustaining the court's view that there was an appropriation of

the land by the mere passage of the ordinance, and no such authority was cited to us for the appellee; but there is direct authority for what the court said in Whitman v. Reading, 191 Pa. 134: " By actual opening of and construction of the street, the date of taking relates back to the date of the ordinance adopting the route; this ordinance warned plaintiffs to stop their improvement. The construction of the street was the consummation of the purpose manifested by the constructive appropriation."

The damages awarded against the city of Pittsburg were awarded to Shields.  He was the plaintiff in the issue in which they were ascertained and the judgment on the verdict was in his favor.  To have allowed Hogan to take out of court what had been paid in on this judgment would have been to allow him to take from Shields what the latter had, as against him, at least, a right, not to be questioned, to receive in part compensation for his breach of his general warranty.  His only claim to the fund is for alleged unpaid purchase money, payment of which under the facts as presented to us on this appeal he can never enforce, and the learned judge properly denied him what he asked.  The order of the court in discharging the rule to show cause why the fund in court should not be paid to Hogan is affirmed and the appeal dismissed at his cost.