# Chelten Trust Company *v.* Blankenburg, Appellant.

*Municipalities—Eminent domain—Appropriation of land for parks—Philadelphia—Duty of city officials to act—Mandamus.*

1. Where the councils of the City of Philadelphia, under the Acts of February 2, 1854, Section 39, P. L. 21, and May 13, 1857, Section 4, P. L. 489, appropriate by ordinance certain land for use as a park, and therein direct the mayor to enter security for damages and the city solicitor to institute proceedings for the assessment of such damages, ministerial duties are imposed upon these officials, and the performance thereof, within a reasonable time, may be compelled by mandamus.

2. A delay by the city officials of a year and three months after the passage of the ordinance before taking action in accordance with the ordinance is unreasonable and it is no defense to such delay that the ordinance had failed to designate the date when the duties should be performed or that councils had appropriated no funds for the payment of the damages.

Argued March 25, 1913. Appeal, No. 14, Jan. T., 1913, by respondents, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1912, No. 2736, awarding mandamus in case of Chelten Trust Company v. Rudolph Blankenburg, Mayor of City of Philadelphia, and Michael J. Ryan, City Solicitor of the City of Philadelphia. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for writ of mandamus. Before MARTIN, P. J.

The facts appear by the opinion of the Supreme Court.

The plaintiff demurred to defendants' return, and the court sustained the demurrer. Respondents appealed.

*Error assigned* was in sustaining the demurrer.

*James Gay Gordon, Jr.,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellants.

*Paxson Deeter,* with him *John C. Bell,* for appellee.

OPINION BY MR. JUSTICE BROWN, June 27, 1913:

By Section 39 of the Act of February 2, 1854, P. L. 21, it is made the duty of the councils of the City of Philadelphia "to obtain by dedication or purchase, within the limits of the said city, an adequate number of squares or other areas of ground, convenient of access to all its inhabitants, and lay out and maintain such squares and areas of ground as open public places, for the health and enjoyment of the people forever." Whenever the councils shall have selected any square or other area of ground to be laid out and maintained forever as an open public place or park, if they cannot agree with the owner or owners thereof as to the price to be paid for the same, they are authorized to institute proceedings in the Court of Quarter Sessions for the purpose of assessing the damages to be paid: Sec. 4, Act of May 13, 1857, P. L. 489. Under the power thus conferred upon them, the councils of the City of Philadelphia, by an ordinance approved July 27, 1911, selected and appropriated, for park purposes, land belonging to the appellee. The second section of the ordinance is as follows: "The mayor is hereby authorized and directed to enter security in the name of the City of Philadelphia for the payment of any damages that may be awarded by reason of the taking of the said ground, and thereupon possession of the same shall be taken for public use, and the city solicitor shall begin and conduct the proper proceedings in the Court of Quarter Sessions for the assessment of damages for the said taking." By the third section the ground taken was transferred to the custody of the commissioners of Fairmount Park, to be controlled and managed by them as an open public place for the health and enjoyment of the people. While the land was transferred to the custody of the Fairmount Park commissioners, it was not taken under the Fairmount Park Act of March 26, 1867, P. L. 547, and the supplement of April 14, 1868,

P. L. 1083. Those acts are, therefore, not to be considered in this proceeding. The ordinance expressly declares that the tract of land has been selected and appropriated for park purposes by the city councils, by virtue and in pursuance of the authority vested in them by the fourth section of the Act of Assembly approved May 13, 1857.

Appellee's land was practically taken and appropriated by the City of Philadelphia the day the ordinance selecting it for park purposes was approved, and such appropriation of it to public use will continue as long as the ordinance is unrepealed. When the land shall be actually taken and turned into a park, the date of taking will relate back to the date of the ordinance: Witman v. City of Reading, 191 Pa. 134; Shields v. Pittsburgh, 201 Pa. 328; Shisler v. Philadelphia, 239 Pa. 468.

Though the appellee may remain in possession of the land until the damages for its taking have been paid or secured, "such occupation can be but permissive, at all times subject to the paramount rights of the public. The land cannot be built upon or improved, except at the hazard of the improver, and it is worthless for sale": City of Philadelphia v. Dyer, 41 Pa. 463. This being the situation, appellee's absolute right is to have paid or secured to it the damages which are now due it. "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction": Constitution, Art. XVI, Sec. 8.

The city councils raise no question as to the appellee's right to have its damages assessed and paid. On the contrary, in the same ordinance by which they took this land they directed that the mayor should enter security for the damages and that the city solicitor should begin and conduct the proper proceedings in the Court of

Quarter Sessions for the assessment of the same. Here is a clear imposition of ministerial duties upon the mayor and the city solicitor by the legislative branch of the city, fully authorized to impose them; and if the appellee's right is to have them perform, the only appropriate process to compel performance is mandamus. There is no other specific and legal remedy: Commonwealth ex rel. v. Walton, 236 Pa. 220; Vare v. Walton, id. 467. In answer to this the learned counsel for appellants merely point to the Act of June 23, 1911, P. L. 1123, as giving the appellee a remedy. By that act permanent boards of viewers are created to take the place of the old jurors of view specially appointed by the courts in each particular case, but there is nothing to be found in the act which will enable the appellee to enforce its right under the ordinance of July 27, 1911, upon which alone it relies in asking that the appellants be ordered to perform the duties imposed upon them.

It remains only to consider the reasons given by the appellants in their return for refusing to perform their duties in the premises. The first to be referred to hardly calls for consideration. It is that Rudolph Blankenburg, one of the respondents, "in the exercise of his discretion, has concluded that the property should not be purchased by the city at the present time." What discretion does he have above that of any other citizen of Philadelphia to set at naught a valid ordinance duly passed by the city councils and approved by a former mayor? Though he be now mayor, that ordinance is as much the law to him as to the humblest citizen, and, until it is repealed, it will continue to be so. His duty is to observe it, instead of imagining that he has a discretion to ignore it and declare it to be inoperative. His discretion as to it is limited to a recommendation of its repeal by councils, and, until such recommendation is heeded, his duty is to recognize it as a valid existing municipal enactment, giving a clear right to the appellee and imposing a correspondingly clear duty upon

him and his codefendant. But it is contended that, even if the ordinance be a valid one, there is a discretion in the defendants in determining the time of performing the duties imposed upon them. While the ordinance does not specifically state when security shall be entered by the mayor and proceedings instituted in the Court of Quarter Sessions by the city solicitor, neither of these officials is to be permitted to postpone indefinitely what they are directed to do. They or their predecessors ought to have acted within a reasonable time after the approval of the ordinance, for it took effect immediately. They not only failed to do this, but ignored the written request of the petitioner, addressed to them a year after the passage of the ordinance asking them, in respectful terms, to comply with its provisions; and it was not until nearly three months after this request had been ignored that, with exhausted patience, it filed its petition in the court below.

The failure of councils to make any appropriation to pay for the damages is urged as another reason for the failure of the appellants to proceed as directed by the ordinance. The appellee's property has been taken by the city, and it is not compelled to knock at the door of councils and ask for an appropriation. When its damages shall have been assessed, it will be in a position to demand satisfaction, though no appropriation has as yet been made, and it will not then rest with city councils to .deny payment or to delay it at their pleasure: In re Sedgeley Avenue, 88 Pa. 509. In the very recent case of Roudebush v. City of Meadville, 241 Pa. 261, in reaffirming what was held in the Sedgeley Avenue case, we said, through our Brother MOSCHZISKER: "The provisions of the various acts of assembly forbidding payments from the funds of municipalities in the absence of prior appropriations by their city councils, are inconsistent with the legislation regulating the ascertainment and payment of damages for land taken in the exercise of the right of eminent domain, and it is

clear that such provisions were never intended to apply to debts arising in that way."

The single assignment of error, complaining of the judgment for the petitioner on its demurrer to the return of the defendants, is overruled and the judgment is affirmed.