## Shobert, Appellant, v. Bloomsburg et al.

*Municipalities—Opening streets—Eminent domain—Security— Taxing power—Borough of Bloomsburg.*

Unless otherwise provided by statute, the power of taxation in a municipal corporation is sufficient security for property taken by said corporation, under the power of eminent domain.

Where a borough by proper ordinance exercised its power to appropriate land in the widening of its streets, and entered upon the sidewalk of one of the adjacent property owners for the purpose of making it part of the roadway, and constructed the street, the appropriation was complete and the property owner was entitled to have his damages, if any, ascertained and determined.

The Acts of May 16, 1891, P. L. 75; June 19, 1913, P. L. 535, and April 9, 1915, P. L. 67, relating to the laying out, opening, widening, etc., of streets and alleys apply to the Town of Bloomsburg, although it was incorporated under a special act of assembly.

Argued March 1, 1920. Appeal, No. 13, March Term, 1920, by plaintiff, from decree of C. P. Columbia County, sitting in equity, December Term, 1919, No. 1, dissolving preliminary injunction in the case of T. M. Shobert v. Town of Bloomsburg, A. B. Hartman, President of the Town Council, I. A. Snyder, William Leiby, D. H. Creveling, Jacob Stiner, W. L. Fornwald, W. E. Geisinger, members of the Town Council, and McDonald Construc-

246, (1920).] Statement of Facts—Opinion of the Court.
tion Company, Daniel J. Lynch Company, and Daniel J. Lynch. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity for injunction. Before HARMAN, P. J.
The facts are stated in the opinion of the Superior Court.

The court granted a preliminary injunction which, after hearing, it subsequently dissolved. Plaintiff appealed.

*Error assigned* was the order of the court.

*R. S. Hemingway,* for appellant.—The Town of Bloomsburg was incorporated under special acts of assembly, namely, the Acts of March 4, 1870, P. L. 343, and May 26, 1871, P. L. 1195, and the Acts of Assembly of June 19, 1913, P. L. 535, and April 9, 1915, P. L. 67, did not apply.

The plaintiff was entitled to security before his property was taken: Chelten Trust Company v. Blankenburg, 241 Pa. 396; Witman v. City of Reading, 191 Pa. 134; Shields v. Pittsburgh, 201 Pa. 328; Shisler v. Phila., 239 Pa. 468; Gilmore v. R. R. Co., 104 Pa. 280; Sterling's App., 111 Pa. 41; Mellor v. Phila., 160 Pa. 621; Lewis v. Homestead, 194 Pa. 204; Wagner v. Water Co., 241 Pa. 331.

*H. Montgomery Smith,* and with him *H. A. McKillip,* for appellee.

OPINION BY KELLER, J., April 24, 1920:
The plaintiff filed a bill in equity to restrain the defendant from entering upon his land in connection with the widening and improving of Berwick road upon which it abuts, and from interfering with the sidewalk in front thereof. A preliminary injunction was granted, which, after a hearing upon a motion to dissolve, was dissolved.

The plaintiff appeals from this decree. The duty of this court is only to determine whether any apparently reasonable grounds for the action of the court below existed, and if it so finds, to affirm the decree without passing upon the merits of the case, unless the record discloses palpable error: Borough of Sunbury v. Sunbury & Susquehanna Ry. Co., 241 Pa. 357; Holden v. Llewellyn, 262 Pa. 400; or unless the only protection from irreparable injury to the plaintiff's rights is to be found in a court of equity: Crawford v. Sullivan, 238 Pa. 142; Oberly v. Frick Coke Co., 262 Pa. 83.

The Town of Bloomsburg, on April 28, 1919, passed an ordinance for the widening, paving and curbing of certain streets, among them Berwick road, and for that purpose appropriated a strip of ground six feet wide adjoining the road on the south side, on which side the plaintiff's property is located. The validity and legality of this ordinance, so far as concerns this case, is admitted in the record. A contract for the paving of the roadway of the street as widened was duly entered into and in pursuance thereof, the defendant's workmen entered upon the sidewalk in front of the plaintiff's property and were tearing up the paving stones laid thereon preparatory to its paving as a part of the roadway as widened, when restrained by the preliminary injunction granted as above.

The appellant, admitting the right of the defendant to take such action after (1) tendering security and (2) petitioning for the appointment of viewers to assess damages, contends that until those steps had been taken the defendant had no right to enter upon the sidewalk in front of his property for the purpose of widening the roadway and should be restrained from doing so.

(1) It has been repeatedly held that, unless otherwise provided by statute, the power of taxation in a municipal corporation is sufficient security for property taken by such corporation under its power of eminent domain: Delaware County's Appeal, 119 Pa. 159; Lewisburg

Bridge Co. v. Union County, 232 Pa. 255; Carpenter v. Lancaster City, 67 Pa. Superior Ct. 22.

(2) The defendant, having by valid ordinance exercised its power to appropriate the plaintiff's land in the widening of Berwick road and having entered upon the sidewalk in front of his property for the purpose of making it part of the roadway, and constructed the street, was committed to the plan of improvement thus ordained, the appropriation was complete and the plaintiff was entitled to have his damages, if any, ascertained and determined: Phila. Parkway, 250 Pa. 257; Shields v. Pittsburgh, 201 Pa. 328; Witman v. Reading, 191 Pa. 134. The appellant, however, contends that under the peculiar special charter of the Town of Bloomsburg, no proceeding was available to him for this purpose. We are not convinced that this is the case. The special act incorporating the Town of Bloomsburg (Act of March 4, 1870, P. L. 343), provides that it shall possess and have all the rights and powers conferred upon boroughs by the General Borough Act of April 3, 1851, P. L. 320, and its supplement of April 22, 1856, P. L. 525, relative to the ordaining, laying out and widening of roads, streets, etc., the taking of land for corporate uses and the determining of damages in connection therewith; the Act of May 16, 1891, P. L. 75, relating to the laying out, opening, widening, etc., of streets and alleys applies to municipal corporations generally; the Act of June 19, 1913, P. L. 535, as amended by the Act of April 9, 1915, P. L. 67, relates to incorporated towns; and if in any of them the initiative action of applying for the appointment of viewers is committed to the municipal officers alone, it would seem that mandamus would lie to compel such action: Chelten Trust Co. v. Blankenburg, 241 Pa. 394. If no appropriate method has been provided by statute by which the appellant may proceed to have his damages determined—which we are satisfied is not the case—the constitutional mandate that compensation must be made for property taken (Art. XVI,

Sec. 8), could still be enforced by action on the case, now, in trespass: County of Chester v. Brower, 117 Pa. 647; Plan 166, 143 Pa. 414, p. 428; Lafean v. York County, 20 Pa. Superior Ct. 573.

The authorities relied upon by the appellant as sustaining proceedings in equity were cases where the municipality had made no lawful appropriation of the land entered upon; not as here, where all that remains to be done is to assess the plaintiff's damages.

It was admitted on the argument, that such proceedings have already been instituted by the defendant, and unless delayed or obstructed by the appellant himself, the right, which, he complains in this proceeding, has been denied him, is thus assured to him.

The assignment of error is overruled and the decree of the court below is affirmed at the costs of the appellant.