Philadelphia Appeal.

Argued November 18, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John V. Horan*, with him *Louis J. Soligon, O. Charles Brodersen*, Assistant City Solicitors, and *Frank F. Truscott*, City Solicitor, for appellant.

■■■■■■■■

■■■■■■■■

*Wesley H. Caldwell,* with him *Roper & Caldwell,* for appellees.

OPINION BY MR. JUSTICE JONES, January 3, 1950:

By due enactment of June 9, 1947, Philadelphia's City council ordained (Section 1) that, by virtue and in pursuance of the authority vested in it by Acts of Assembly, it "does hereby select and appropriate for playgrounds and recreation centers certain sites and tracts of land situate as follows . . ." Then followed descriptions of forty-nine separate tracts. Tract No. 4 consisted of two blocks of property in the Thirteenth Ward of Philadelphia. In one of the blocks there was situated property of Harry A. Schaefer and Philip C. Schaefer (the present appellees) improved with a four story factory building in which the owners conducted a manufacturing business. Section 2 of the ordinance authorized the City Solicitor "to file in the proper court a petition for the assessment of damages arising from the aforesaid selection and appropriation of land"; and Section 3 directed that the amount of such damages, when ascertained and assessed, be charged against a certain designated fund of the City. The ordinance was duly published as required by law.

Upon petition by the City, the court below appointed viewers to assess the damages due the owners of the condemned property embraced by tract No. 4. The viewers entered upon the discharge of their duties, but, at a hearing on November 22, 1948, fixed for the purpose of receiving testimony as to the value of the property of the present appellees, inter alia, the City Solicitor informed the viewers that the City contemplated changing the ordinance in order to eliminate therefrom the tract of land identified as site No. 4 and to substitute therefore another tract. The City Solicitor thereupon requested the viewers to continue the hearing until City

council had taken further action in the matter. By ordinance passed and approved December 23, 1948, council undertook to amend the original ordinance of June 9, 1947, in the manner forecast by the City Solicitor; and, on February 9, 1949, the City petitioned the court below to discontinue the viewers' proceeding relating to the property embraced by original site No. 4. A rule to show cause was entered on the petition to which the appellees filed an answer denying any right in the City to discontinue the viewers' proceeding or to abandon the condemnation. After argument, the learned court below dismissed the petition. This appeal by the City followed.

The question involved is whether the ordinance of June 9, 1947, worked an immediate taking and appropriation by the City of the property described therein which the City, as condemnor, was thenceforth incapable of abandoning by ex parte action. The answer is necessarily in the affirmative.

The ordinance was no mere authorization to institute proceedings to condemn. It was the condemnation. Cf. *Danforth v. United States,* 308 U. S. 271, 286. The prior legislative authority was contained in the Act of May 20, 1921, P. L. 957, Sec. 1 (53 PS §1551), which empowered cities to acquire by condemnation, inter alia, property for playgrounds and other recreational purposes. The words of appropriation employed by the ordinance were *in praesenti*: City council did "hereby select and appropriate." That those words were meant to be operative forthwith is further confirmed by the fact that the ordinance went on to authorize the City Solicitor to petition the court for the assessment of damages arising from "the aforesaid selection and appropriation of land." The ordinance was intended to, and by its own force did, effect the condemnation; the direction respecting the assessment of the damages was but incidental to the

principal undertaking of the ordinance: *Smedley v. Erwin*, 51 Pa. 445, 451. In *Chelten Trust Company v. Blankenburg*, 241 Pa. 394, 396, 88 A. 664, an ordinance of the City of Philadelphia which declared that thereby a tract of land was selected and appropriated for park purposes by city councils was held to constitute a taking and appropriation of the subject property as of the date of the ordinance. And, in *Jury v. Wiest*, 326 Pa. 554, 556, 559, 193 A. 5, where resolutions passed by the directors of a school district providing that certain properties "be hereby appropriated and condemned . . .," it was held that "The condemnation was completed under the original resolutions; . . . The school district could not thereafter recede from it: [citing cases]." See also *Shields v. Pittsburg*, 201 Pa. 328, 330-331, 50 A. 820; and *Witman v. The City of Reading*, 191 Pa. 134, 143, 43 A. 140.

There was nothing further needed to vest title to the property in the City. The constitutional requirement (Pa. Const. Art. XVI, Sec. 8), that just compensation for the property taken be paid or secured before the taking, was fully complied with. The ordinance made provision for the ascertainment of the damages and specifically made their payment a direct charge upon a designated and earmarked fund of the City. The filing of a bond was no longer essential. An Act of Assembly had expressly relieved cities of any such requirement: Act of May 4, 1927, P. L. 728, No. 377, Sec. 1, 53 PS §432.

The ordinance of appropriation at once served to interrupt and restrict the appellees' use and enjoyment of their property and, so, constituted a taking by the City even though there was neither an immediate eviction of the appellees nor a physical entry by the City. "Though the appellee may remain in possession of the land until the damages for its taking have been paid or secured, 'such occupation can be but permissive, at

all times subject to the. paramount rights of the public. The land cannot be built upon or improved, except at the hazard of the improver, and it is worthless for sale' ": *Chelten Trust Company v. Blankenburg,* supra, quoting from *City of Philadelphia v. Dyer,* 41 Pa. 463, 470. See *Sansom Street,* 293 Pa. 483, 490, 143 A. 134, where we approved the rule as stated in 20 Corpus Juris 566 that "There need not be an actual, physical taking, but any destruction, restriction or interruption of the common and necessary use and enjoyment of property in a lawful manner may constitute a taking for which compensation must be made to the owner of the property." See also Restatement, Property, §507.

The City Solicitor was under no misapprehension as to the legal situation so created; in the City's petition for appointment of viewers to assess the damages it was averred that ". . . title to the said property in question [tract No. 4] became vested in the said City of Philadelphia upon the approval of said Ordinance, to wit: on the 9th day of June 1947." Such was also the understanding of the appellees who, because of the City's appropriation of their property, had acquired another location to which they had moved their machinery, equipment and business from the condemned property before the amendment of the ordinance of June 9, 1947, and even before they had any notice of the City's desire to amend it.

Upon the City's appropriation of the property for public use, a right to just compensation therefor vested contemporaneously in the appellees. In that situation the City lacked power to abandon the condemnation without the consent of the former owners of the property. As in *Philadelphia v. Commonwealth,* 284 Pa. 225, 234, 130 A. 491, "Where an actual taking occurs under the power of eminent domain such as invests the condemnor with title, and gives to the landowner a vested right of compensation, the former cannot be permitted to dis-

76

continue the condemnation proceedings without the latter's consent. This rule applies . . . [inter alia] to municipal and quasi muncipal corporations: Wood v. Trustees of the State Hospital for the Insane, 164 Pa. 159." Cf. also *Dilts v. Plumville Railroad Company,* 222 Pa. 516, 526, 71 A. 1072. When a land owner's right to compensation for property taken under the power of eminent domain has become fixed, such right cannot thereafter be abated or avoided by the condemnor constitutionally: see *United States v. Sunset Cemetery Co.,* 132 F. 2d 163, 164 (C.C.A. 7), and cases there cited; cf. also *Goodman v. City of Bethlehem,* 323 Pa. 58, 67, 185 A. 719; and *Ralston v. Equitable Gas Company,* 70 Pa. Superior Ct. 188, 191-192.

Nor is there any statutory authority for a city's ex parte abandonment of a condemnation of property for playgrounds or recreation centers under the Act of 1921, supra. That Act (unlike the Act of May 16, 1891, P. L. 75, relating to condemnations by municipalities of the Commonwealth for the laying out or construction of streets, bridges, sewers, etc.) does not contain any provision subjecting a condemnation thereunder to possible abandonment by the condemnor for a certain period of time. Section 2 of the Act of 1921 does not afford the appellant's argument any support. That section merely provides that the proceedings for assessment of damages for property taken by condemnation under the Act of 1921 ". . . shall be had in the same manner as is now provided by law for the taking of property for public improvement in such cities," i.e., as provided by Section 1 of the Act of 1891, supra. Notably, the provision of Section 7 of the Act of 1891, which permits, over a specified period, the discontinuance of condemnations under that Act, was not included in the pertinent statute of 1921 either directly or by reference.

The case of *Reinbold v. Commonwealth,* 319 Pa. 33, 179 A. 571, which the appellant cites, does not derogate from what we have herein said. In fact, that case expressly recognizes (p. 43), on the authority of *Wood v. Trustees of the State Hospital for the Insane* and *Philadelphia v. Commonwealth,* cit. supra, the cognate rule as hereinabove set forth. The remaining cases cited by the appellant are fully reviewed in the opinion for this court in the *Reinbold* case and need not be further distinguished here.

Order affirmed.