## City of Pittsburgh Petition

Before Ellenbogen, Soffel and Smart, JJ.

*David Stahl*, City Solicitor and *John M. Marshall*, Assistant City Solicitor, for City of Pittsburgh.

*Emanuel Goldberg*, and *Harry R. Levy*, for claimants.

SOFFEL, J., June 30, 1958.—This case is before the court on petition, rule to show cause and answer to determine the rights between Elizabeth Louise M. Jenkins, mortgagee in possession, referred to as peti-

tioner, and Cities Service Oil Company, tenant, referred to as respondent, to an award by the board of viewers for the taking by the City of Pittsburgh of a certain lot of ground situate in the second ward of the City of Pittsburgh, being designated as block and lot no. 2-F-290.

Petitioner, Elizabeth Louise M. Jenkins, is the assignee of a purchase money mortgage dated September 2, 1925, given by Sarah Weinstein and Frank A. Weinstein to Walter Pollock Magee, in the sum of $95,000 conditioned upon the payment of $47,500 at six percent interest per annum payable semi-annually. Said mortgage is recorded in the Recorder's Office of Allegheny County in mortgage book vol. 1991, p. 327. The mortgagee became the mortgagee in possession of said property on October 31, 1930. The mortgage was assigned to the petitioner by M. W. Stoner, executor of the Estate of Walter Pollock Magee by decree of distribution of the Orphans' Court of Allegheny County, dated June 16, 1953 at no. 248 of 1952 as recorded in the Recorder's Office of Allegheny County in mortgage book vol. 3469, p. 138.

Respondent's rights are derived from a lease and its extension. Respondent is the assignee of a lease dated September 3, 1940, as extended by an instrument in writing dated April 30, 1953. By the terms of this written instrument, the tenant had the option to extend the lease until December 31, 1957, and to continue it for a term thereafter subject only to termination after six months' written notice. In anticipation of the impending appropriation by a public authority, no notice of termination was given. At the time of the taking, respondent Cities Service Oil Company was in lawful possession of the premises with right to remove buildings and other installations.

Respondent has filed a supplementary answer to the petition for rule to show cause, in which this legal point is raised:

"No exceptions having been filed to the viewers' report and no appeal having been taken from the award to the lessor, the Court is without jurisdiction to grant the relief sought in this proceeding by rule to show cause."

The Act of July 1, 1937, P. L. 2667, sec. 1, 26 PS §44, provides:

"In all cases arising from the taking, injury, or destruction of private property under the right of eminent domain, where the owner or owners of the fee and any lessee or lessees under such owner or owners shall be claimants for damages, all such claims shall be heard or tried together; and there shall be awards by a board of view or verdicts by the jury on appeals, which shall fix, first the total amount of damage to the property in question, and second, the apportionment, distribution, or division of the total damages so awarded between or among the several claimants therefor."

The petition for the rule to show cause alleged no findings of fact upon which the respective awards by the board of viewers were based. The original answer of respondent avers that at the time of the taking, the Cities Service Oil Company was tenant in possession with the right of retention and removal of the service station building and tanks.

That petitioner, a mortgagee, is entitled to priority over a tenant to a fund awarded for the condemnation of property by eminent domain is an established principle of law: Thomas v. Monroe County, 4 Monroe 114 (1942).

The total fund awarded as damages for the taking of property by eminent domain replaces the property.

The lien of a duly recorded mortgage attaches to the fund and will be protected: Harris' Appeal, 323 Pa. 124, 186 Atl. 92 (1936) ; Woods Run Avenue, 43 Pa. Superior Ct. 475 (1910) ; Potter Title & Trust Co. v. City of Pittsburgh, 89 Pitts. L. J. 270 (1940).

But the application of these principles depends upon the facts of the case.

In the instant case, petitioner accepted the terms of a lease which gave respondent the right to remove "building and tanks" on the premises which he occupied as a tenant.

Evidence was introduced at the viewers' hearing as to the value of the building and tanks built and installed by the tenant. Under respondent's lease he was the owner of said building and installations. The service station was erected by him. As against the mortgagee in possession and his successor, petitioner, and the lessor, the ownership of said property was in respondent. The viewers saw fit to award respondent damages in the sum of $3,000 for injury to the leasehold and taking of his property. Petitioner now seeks to have this court amend the viewers' return by allocating the $3,000 awarded to Cities Service Oil Company, respondent therein, to its client, Elizabeth Louise M. Jenkins, mortgagee and petitioner herein.

We are of the opinion that this court has no jurisdiction to amend the viewers' report in respect to the award made by the board of viewers to the Cities Service Oil Company, successor to the Republic Oil and Republic Oil Refining Company, tenant, herein designated as respondent.

At the time of taking, to wit, on January 27, 1957, the lease under which respondent was in possession had 11 months to run. The taking of the land, including buildings erected thereon, was effective as of that date: Philadelphia Appeal, 364 Pa. 71, 70 A. 2d 847.

As of said date, respondent was the tenant in possession under the lease of September 3, 1940, which provides in paragraph 5: "The buildings, improvements, pipes, pumps and storage tanks are the property of the tenant with the right of removal."

3 A. L. R. 2d 309 provides as follows:

"The view has been taken that fixtures or other improvements affixed by a lessee to the premises in such a manner that they would have become a part of the realty if they had been installed by the owner of the fee must be treated as part of the realty upon a condemnation of the premises, and the lessee, assuming that as against the lessor he has the right of removal, awarded compensation therefor, notwithstanding the fact that as between the lessor and the lessee, the improvements were regarded as personalty. To this effect, see the following cases: Re New York (Allen Street) (1931), 256 N. Y. 236, 176 N. E. 377; Re New York (Whitlock Ave.) (1938), 278 N. Y. 276, 16 N. E. 2d 281," and numerous other cases therein cited.

It is the position of respondent that the taking of the property was effected and completed as of January 24, 1957; that the injury to the tenant included not only the premature termination of its leasehold, but also the extinguishment of its existing right to remove the building from the premises. From the effective date of the appropriation of the entire property by the city, the tenant remained in possession by sufferance and could not have removed the building from the premises, which was included in the prior taking. Counsel for petitioner argues that respondent abandoned the premises. With this conclusion we do not agree. Obviously, there could have been no abandonment under the circumstances. The right of entry and control of the entire premises was, as of the date of the taking, in the city.

We see no merit to petitioner's contention that respondent abandoned the improvements, including the building on its leasehold. The facts of the instant case disprove this. Petitioner is bound by this award which in our judgment is proper. Petitioner is without standing to attack collaterally by summary proceedings said award. The proper procedure required petitioner to file exceptions to the viewers' report and, after they had been heard, to take an appeal to the common pleas court.

The petition and rule to show cause will be dismissed.

### Order of Court

And now, to wit, June 30, 1958, the petition of Elizabeth Louise M. Jenkins to amend the return of the board of viewers by striking out the name of Cities Service Oil Company and awarding the sum granted it to Elizabeth Louise M. Jenkins and the rule to show cause as against Cities Service Oil Company are dismissed.