## Bergamasco v. Trafford Borough

*Max M. Bergad,* for plaintiffs.
*Scales & Shaw,* for defendant.

WEISS, J., April 21, 1960. — The Bergamascos, plaintiffs in this case, have lost the use of their garage. This is the result of the opening and grading of a street abutting on their northern property line. The street was raised above the level of their garage entrance and made it impossible for a car to enter it. They seek consequential damages.

On November 23, 1955, the Bergamascos entered into a purchase agreement for lot no. 402 with Edward Backus. On February 8, 1956, the Borough of Trafford enacted Ordinance 313 which established the grade on the center line of Bruce Street from Gilmore

Avenue East to Homewood Avenue East, over lots nos. 140 and 193. This portion of Bruce Street fronts on the northern property line of plaintiffs. On September 7, 1956, the Bergamascos were deeded the property and dwelling of lot no. 402. In the spring of 1957, construction and improvement began on the section of Bruce Street between Gilmore Avenue East and Homewood Avenue East, being lots nos. 140 and 193.

Bergamascos purchased lot 402 with a house and integral garage. The garage faced north and, in order to enter it, it was necessary to pass over lots no. 140 and no. 193, which were to the north of lot no. 402. These same lots no. 140 and no. 193 were purchased by defendant, Borough of Trafford, for the purposes of dedicating them as a public street. Prior to their purchase by defendant, lot no. 140 and lot no. 193 were owned by the Trafford Realty Company, and their use by plaintiffs, the borough and other users was without permission. Following the grading and paving of lots no. 140 and no. 193, plaintiff petitioned the court for the appointment of a board of viewers. This petition was later amended pursuant to a stipulation entered into by counsel for the parties. An answer was filed to the amended petition. The board of viewers dismissed the answer and the contention of defendants that the Bergamasco's, as only the equitable owners of lot no. 140 at the time of the adoption of the ordinance, were not entitled to damages. The board of viewers awarded plaintiffs $2,200 as damages, from which defendant appealed. A trial was then held in which plaintiffs received a verdict of $1,350. Defendant then filed a motion for a new trial and for judgment n. o. v.

The common law, except where abrogated by statute, does not confer rights upon abutting landowners where there has been no physical taking and the damages to

their property are consequential. The Commonwealth is not liable for consequential damages: Wahaly v. Allegheny County, 345 Pa. 509 (1942). A municipality, however, is liable for consequential damages. In Hastings Appeal, 374 Pa. 120 (1953), at page 126, we read:

"We have already seen that, since 1874, *a taking* is not essential to the enforcement of a claim for damages for municipal injury of private property."

This was based on the then statutory law of Pennsylvania, and presently it is expressed in The Borough Code of May 4, 1927, P. L. 519, sec. 1501, as amended, 53 PS §46501, where it is said:

"The right to damages against boroughs is given to all owners or tenants of lands, property, or material, abutting on, or through which pass, streets, injured by the laying out, opening, widening, vacating, extending, or grading of such streets, or the changing of the grades or lines thereof; . . ."

In The Borough Code, sec. 1606, 53 PS §46606, it is said:

"In all cases of assessment of damages for the opening or widening of any street in any borough, the award of damages, if any, shall include all damages due to the grade at which said street is to be opened or widened; . . ."

Statutes are to be construed so as to effect their remedial nature. See Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551. For instance, damages were granted when a property owner was subjected to the additional burden of constructing a ramp: Dante Club of Rankin v. Allegheny County, 170 Pa. Superior Ct. 302 (1952). Unlike condemnation (Philadelphia Appeal, 364 Pa. 71 (1950)), damages accrue to a landowner abutting on an improvement when the actual change of grade is made: Woodland

Avenue. Appeal of the City of Allegheny, 178 Pa. 325 (1896).

While defendant has assigned many reasons for a new trial and for judgment n. o. v., primarily defendant is concerned with whether or not, as a matter of law, plaintiffs are entitled to damages under the undisputed facts. Both before the court en banc and in his brief, counsel for defendant has maintained that the Bergamascos, as users of lots no. 140 and no. 193, were trespassers and, as such, could never acquire any rights therein. But, if the Bergamascos were trespassers, were not all other users of lot no. 140 and lot no. 193, including the Borough of Trafford? Yet, the Borough of Trafford acquired rights in these lots by purchasing them for a street and, with this purchase, the Bergamascos likewise acquired rights. What occurred prior to the purchase of these two lots by the Borough of Trafford is immaterial. To hold otherwise would require this court to find that if you are once a trespasser, you lose all remedies regardless of what later occurs. This the court will not do and will base its decision upon what occurred subsequent to the purchase of these two lots by the Borough of Trafford.

With the passage of Ordinance no. 313, on February 8, 1956, and the purchase by the Borough of Trafford of lots no. 140 and no. 193, these lots became a public street. Plaintiffs made use of this public property for ingress and egress to their garage. It was mud, ungraded and, at times, difficult to travel, but the use of this public way prior to the grading and improvement of it was never questioned by defendant, Borough of Trafford. The Borough of Trafford acquiesced to such use by its silent acceptance of it.

By the construction and improvement of this street, plaintiffs lost their ingress and egress to their garage.

Until that time, plaintiffs suffered no damages. These unequivocal acts of defendant constituted a "grading" of this street, and plaintiffs are entitled to damages under The Borough Code, supra.

This court is of the opinion that under the authority of the ordinance, the opening of Bruce Street between Gilmore Avenue East and Homewood Avenue East took place at the time of the purchase of lots no. 140 and no. 193 by the Borough of Trafford. Plaintiffs are entitled to damages for the subsequent physical change to this grade.

Perhaps the closest case in point is that of the Borough of New Brighton v. United Presbyterian Church, 96 Pa. 331 (1880), in which the court affirmed the award of the abutting landowners, and at page 339 said:

"The lot of the defendants does abut on a street, and by reason of a change of the grade thereof by the authorities of the borough the damages have been sustained. Why shall not the owner of the lot be compensated? It is claimed by the plaintiff in error that, inasmuch as the proprietor of that part of the borough laid it out into lots and streets, and the municipality had not before fixed the grade of this street, it is not liable for damages resulting from grading it the first time. Why not? The proprietor dedicated the street to public use as the grade then existed. The defendant in error so accepted it, and erected a church edifice on the lot abutting thereon. Whether or when the authorities would change the grade was a matter of conjecture. A change from the natural grade is a change of grade just as clearly as if changed from a grade previously made by the authorities. It is presumed to have been made for the public benefit; but, as is found, to the injury of private property. There was no provision by which the authorities could have been

compelled to establish the grade of a street thus dedicated before the municipality had accepted it or assumed some authority over it. When the borough accepted it she took it as it then was, in width, line and grade. This statute giving compensation is remedial. It gives damages where before none could be recovered. It should receive a liberal construction to effect its object. The learned judge was entirely right in holding the borough liable."

In support of its motion for a new trial, defendant assigns the ordinary reasons, namely, that the verdict of the jury was against the evidence, the weight of the evidence, the law and, finally, excepted to the charge of the court. The testimony introduced at the trial was conflicting as to the amount of damage that was done. The jury considered the testimony of all parties and the witnesses who testified in their behalf and resolved the conflicting testimony in favor of plaintiffs.

Defendant's assignments of error excepting to the court's charge is without merit. A review of the charge of the court established that the court instructed the jury to resolve all disputed testimony, weigh the testimony as presented and pass on the credibility of all the witnesses. The charge of the court was consistent with the law as expressed in this opinion. Accordingly, defendant's motion for a new trial and motion for judgment n. o. v. must be dismissed.

### Order

And now, to wit, April 21, 1960, after argument and after due and careful consideration, it is hereby ordered, adjudged and decreed that the motion for a new trial and motion for judgment n. o. v. should be and the same are hereby denied. It is further ordered, adjudged and decreed that the judgment in the amount of $1,350 be entered in favor of plaintiff and against defendant, Borough of Trafford.