Buffo *v.* Baltimore & Ohio Railroad Company, Appellant.

Argued October 3, 1949; reargued January 4, 1950. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

438

*Vincent M. Casey,* with him *Margiotti & Casey,* for appellant.

*Albert B. Monaco,* with him *Frank J. Zappala,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 10, 1950:

The sole question at issue is whether there was sufficient evidence to support the jury's finding of negligence on the part of defendant under the Federal Employers' Liability Act of 1908, as amended: 35 Stat. 65 (1908), 45 U. S. C. sec. 51, 45 U. S. C. A. 51 et seq., which provides: "Every common carrier by railroad while engaging (in interstate commerce) shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence . . . of such carrier. . . ."

Under section 56 of the Act, Congress empowered state courts to entertain suits: *Second Employers' Liability Cases,* 223 U. S. 1. But the interpretation of the Act and its application to the facts of any particular case, in order to ascertain whether the plaintiff has been denied a right granted by Congress, is ruled by the decisions of the United States Supreme Court: *Brown v. Western Railway of Alabama,* 338 U. S. 294. Rights of recovery

authorized by Federal laws may not be defeated either by State law or practice: *Davis, Director General of Railroads, Etc. v. Wechsler*, 263 U. S. 22, 24; *Brown v. Western Railway of Alabama,* supra.

From the testimony, viewed in the light most favorable to plaintiff, it was established that plaintiff was employed by the defendant, a railroad company engaged in interstate commerce. Although plaintiff was not a riveter, he was ordered to do riveting work on the day of the happening of the accident. Defendant's employes were removing brakes on freight cars and substituting another type. As part of his work, it was necessary for plaintiff to crawl under a freight car and to operate in the confined area between the track bed and rails and the bottom of the freight car. Plaintiff was obliged to carry an air hammer weighing about ten pounds. In removing the old brakes, employes were required to burn off rivets and bolts, remove the old air containing cylinders, and install the new brakes by riveting new brackets in place. Defendant would remove the larger pieces of scrap which had fallen to the ground, but it permitted rivet heads, bolts and small pieces of pipe to accumulate on the tracks in and about the area where plaintiff was working. Such debris was removed only when repair crews found time to do so between jobs. On the day of the accident, rivet heads, bolts and other scrap were lying about the tracks and in the area where plaintiff was working underneath a gondola car. Before crawling out from under the car, he cradled the air hammer in his arms. While crawling out, it was necessary to prevent the air hammer from bumping against any other object otherwise a dangerous steel plunger would shoot out of the hammer. Plaintiff testified: "When I was coming out I was trying to watch the gun, to keep it from coming out, trying to be careful, and I had it in my arm, using my knees, and I put one foot over the rail, and seemed to slip on some

rivet heads or pieces of bolts, and this knee (indicating) banged on the side of the rail while I was coming out." The plaintiff's knee began to pain him excessively the second day after the accident. It became necessary to have an operation for osteomyelitis. This action was for damages. The jury rendered a verdict for the plaintiff.

Defendant contends that this evidence was insufficient to support a finding of negligence and the court should not have submitted the case to the jury. The Federal Employers' Liability Act, supra, imposes liability only for negligence. Railroads are not absolute insurers against personal injuries suffered by their employes: *Wilkerson v. McCarthy*, 336 U. S. 53, 61. Where, however, there is a question whether such employer's conduct measures up to reasonable standards in the circumstances, the issue of negligence must be submitted to the jury. It is immaterial that the law of this Commonwealth may be otherwise; as above stated, the Supreme Court of the United States is the final arbiter in cases under this Act. That Court has repeatedly recognized the importance of preserving for litigants their right to a jury trial. See: *Wilkerson v. McCarthy*, supra, p. 55. The testimony, thus presented by plaintiff, under the Federal Act, sufficiently supported the jury's finding of negligence upon the ground that defendant failed to provide a reasonably safe place to work. In *Brown v. Western Railway of Alabama*, 338 U. S. 294, the Supreme Court of the United States held that a complaint, in which plaintiff alleged he had been injured when he slipped on a large clinker lying alongside of tracks in a railroad yard while in the performance of his duties, was improperly dismissed by the Georgia courts in violation of plaintiff's rights under the Act. In that case, the court noted that the allegations in the complaint charged the railroad with negligence in permitting clinkers and other debris to be left along the tracks "well knowing" that it was dangerous to workers. The Court,

speaking through Mr. Justice BLACK, p. 298, said: "Certainly these allegations are ,sufficient to permit introduction of evidence from which a jury might infer that petitioner's injuries were due to the railroad's negligence in failing to supply a reasonably safe place to work. Bailey v. Central Vermont R. Co., 319 U. S. 350, 353. And we have already refused to set aside a judgment coming from the Georgia Courts where the jury was permitted to infer negligence from the presence of clinkers along the tracks in the railroad yard. Southern R. Co. v. Puckett, 244 U. S. 571, 574, affirming 16 Ga. App. 551, 554, 85 S. E. 809, 811."

The Federal Employers' Liability Act, as amended, supra, bars assumption of risk as a defense (45 U. S. C. A. 54) and provides that contributory negligence is not a complete bar but may be considered in diminution of damages (45 U. S. C. A. 53). The defendant, in its argument that there was insufficient evidence *to support a finding of negligence* said: "In any event, the defendant employer could not be expected to have a workman present to clean out these small particles before the plaintiff had finished his job in order that he might not fall upon same when he was leaving his place of work. If any employee could be expected to do this it was the plaintiff himself, and therefore if there was any negligence it was his own sole negligence which brought about his injury, and he should not be entitled to recovery." Even if there was sufficient evidence to declare contributory negligence as matter of law, plaintiff would not be barred completely from recovery. Defendant seeks to exculpate itself from its failure to provide a reasonably safe place to work by the argument that if plaintiff ". . . thought the presence of the rivet heads and small pieces of pipe was creating a hazard, then all [plaintiff] had to do before beginning work was to brush it out." Defendant argues: "If [plaintiff] did not think

it was hazardous, how can the defendant railroad company be held liable for failing to do so?" Such considerations are foreign to the law of negligence under the Federal Employers' Liability Act as declared by the Supreme Court of the United States. Defendant's negligence cannot be determined by examining plaintiff's conduct. To do so would be to apply contributory negligence as a defense under the guise of "non negligence" of the defendant, which the Act prohibits. Cf. *Tiller v. Atlantic Coast Line Railroad Co.*, 318 U. S. 54, 58. It cannot be held that the failure of the *injured party* to perceive a negligent condition *establishes the absence of negligence* on the part of the defendant.

For a list of cases under the Act where certiorari was allowed and refused see appendix to concurring opinion of Mr. Justice Douglas, in *Wilkerson v. McCarthy,* supra, p. 71.

Judgment affirmed.

Chief Justice Maxey did not participate in the final decision of this case.