## Bishop *v.* Montour Railroad Company, Appellant.

Argued October 4, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harold R. Schmidt,* with him *Rose, Rose & Houston,* for appellant.

*Albert D. Brandon,* with him *Frederick G. Weir* and *Oliver, Brandon & Shearer,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 23, 1954:

This is an appeal by defendant under the Act of April 9, 1925, P. L. 221, sec. 2, 12 PS §682, from the refusal to enter judgment in its favor following a verdict for the plaintiff in a trespass action brought under the Federal Employers' Liability Act of April 22, 1908: 35 Stat. 65 (1908), as amended, 45 U.S.C.A. sec. 51 (1946) et seq. Defendant contends that plaintiff's contributory negligence was the *sole proximate cause* of the accident. The learned court below refused defendant's motion for judgment *non obstante veredicto,* but granted a new trial because of error in the charge, the verdict was against the weight of the evidence, and was excessive. *Plaintiff did not appeal from the grant of a new trial.*

In *Buffo v. Baltimore & Ohio Railroad Company,* 364 Pa. 437, 72 A. 2d 593, a case arising under the

Federal statute cited, providing: " 'Every common carrier by railroad while engaging (in interstate commerce) shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence . . . of such carrier. . . .' this Court held (p. 438): Under section 56 of the Act, Congress empowered state courts to entertain suits: Second Employers' Liability Cases, 223 U. S. 1. But the interpretation of the Act and its application to the facts of any particular case, in order to ascertain whether the plaintiff has been denied a right granted by Congress, is ruled by the decisions of the United States Supreme Court: Brown v. Western Railway of Alabama, 338 U. S. 294. Rights of recovery authorized by Federal laws may not be defeated either by State law or practice: Davis, Director General of Railroads, Etc. v. Wechsler, 263 U. S. 22, 24; Brown v. Western Railway of Alabama, supra." See *Bailey v. Central Vermont Railway, Inc.,* 319 U. S. 350; *Wilkerson v. McCarthy,* 336 U. S. 53.

The Federal Act bars assumption of risk as a defense and provides that contributory negligence is not a complete bar to recovery, but may be considered in diminution of damages. A railroad is not an absolute insurer against personal injuries suffered by its employes and there is no liability where the employer is not at fault. Evidence of negligence, however, even though slight, necessitates the submission of the case to a jury: *Buffo v. Baltimore & Ohio Railroad Company,* supra.

Ralph E. Bishop, the plaintiff, was a conductor on a freight (coal) train operated by the Montour Railroad Company. He was injured when alighting from the defendant's moving train near a switch stand by stepping on a large lump of coal which, it is conceded,

he saw immediately prior to his stepping off. There was testimony, if believed, that plaintiff could not avoid stepping on the coal because of the presence of many other pieces; that defendant habitually hauled overloaded cars; that nearby inhabitants threw coal from the cars for use in heating their own homes; and that defendant maintained an insufficient work force to remove such coal which customarily and generally littered the side of the track where employes were forced to alight. It is alleged that the foregoing rendered the area an unsafe place to work. While plaintiff's testimony may seem most improbable, nevertheless, under the United States Supreme Court cases above cited, we are required to decide that the learned court below properly held that a judgment for defendant *non obstante veredicto* should not be granted.

The order is affirmed. Costs to abide the event.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE HORACE STERN:

The complaint in this case is based on the allegation that defendant Railroad Company did not furnish plaintiff with a reasonably safe place in which to work. I do not find in the testimony that the accident happened at a place where plaintiff was, or ever had been, called upon to work, and therefore I do not think that it was the duty of the defendant to keep the space between its rails and ties at that point free of lumps of coal.

I therefore dissent from the refusal of the court to grant judgment n.o.v.

Mr. Justice CHIDSEY concurs in this dissenting opinion.