## Joseph, Appellant, *v.* Rochester Motor Coach Company.

Argued September 30, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Marvin D. Power*, with him *Margiotti & Casey* and *John C. Stern*, for appellant.

*Charles McC. Barrickman*, with him *Buchanan, Wallover & Barrickman*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1955:

In this action of trespass for injuries to the minor plaintiff occasioned when run over by defendant's bus, the jury returned a verdict for defendant, and plaintiffs appeal from the refusal to grant a new trial.

Plaintiffs acknowledge that there was no error in the trial, including the court's charge, but contend that the court below abused its discretion in that the verdict

was against the evidence and the weight of the evidence.

The proof may be clear and indisputable, yet if dependent upon oral testimony it is the jury's province to decide as to the law applicable to the facts, under proper instructions of the court: *Reel v. Elder,* 62 Pa. 308, 316. And, as recently stated by Justice JONES in *Londrino v. The Equitable Life Assurance Society of the United States,* 377 Pa. 543, 544, 105 A. 2d 333: *"It is indeed infrequent that a trial court grants a new trial solely on the ground that the verdict was against the weight of the evidence, and it is still more unusual for an appellate court to reverse a lower court's refusal of a new trial for such reason."* (Italics supplied). Unless we find that the court below has abused its discretion in refusing new trial, therefore, we cannot reverse: *Paustenbaugh v. Ward Baking Company,* 374 Pa. 418, 421, 97 A. 2d 816.

The minor plaintiff, nine years of age at the time of the accident, had attended a picnic sponsored by a church at the picnic grounds in Center Township near Aliquippa. A bus owned and operated by defendant was chartered by the church to transport persons to and from the grounds. Parking was controlled by Boy Scouts for the church. At approximately 8:30 P.M., in company with many others, the minor plaintiff was waiting at a pick-up point on the grounds to board the bus for her return home. She saw the bus enter the grounds from the public road approximately 2,500 feet away, and watched it as it approached. As it did so, she advanced to the front of the crowd. The bus was now proceeding at a slow rate of speed. Of these facts there is no doubt. Nor is it doubted that the front right wheel of the bus ran over the minor plaintiff's leg, nor that she was not struck by the front of the bus.

There was considerable question how the accident occurred. Plaintiffs averred and attempted to prove that the bus stopped when it reached minor plaintiff and the others, as if to permit them to enter the bus, and then without warning negligently moved forward, then backward. Yet the testimony on this point was conflicting. Not only did the driver deny that he did so, but plaintiffs' own witness testified that the bus moved forward, rather than backward, as claimed by plaintiffs. Their testimony would also permit belief that the wheels of the bus were so turned that minor plaintiff could not have been struck if the bus did not move backward, since the wheels were turned to the driver's right. In addition, one of the defendant's witnesses testified that she was seated in the bus, and as it approached minor plaintiff "come out past the crowd . . . closer to the bus; and . . . put her hands on the bus so as to stop herself." The believability of all of the witnesses was for the jury.

The jury was warranted in finding that plaintiffs had not established negligence in defendant. A review of all of the testimony convinces us that this verdict cannot be disturbed. The trial was full and complete, all of the issues were fairly presented to the jury under an unassailable charge, and we find no abuse of the court's discretion in refusing a new trial.

Judgment affirmed.