Pennsylvania Railroad Company, Appellant, *v.* Sun Oil Company.

538

[redacted]

Argued November 15, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

[redacted]

*Theodore Voorhees*, with him *F. Hastings Griffin, Jr.* and *Barnes, Dechert, Price, Myers & Rhoads*, for appellant.

*Charles A. Wolfe*, with him *Sidney L. Wickenhaver, C. Brewster Rhoads* and *Montgomery, McCracken, Walker & Rhoads*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 4, 1956:

This is a suit in assumpsit brought by The Pennsylvania Railroad Company against the Sun Oil Company to recover by way of restitution a sum which the Railroad paid in settlement to one of its employes who was injured in an accident.

The accident occurred in Sun's yards on tracks owned and controlled by it. The Railroad's employe,

Healy, was the conductor of a freight crew engaged in spotting (i.e. placing) cars within the confines of Sun's yards. Sun's yardmaster directed what work was to be done. While "cutting" a car for spotting, Healy was crushed between a platform and the car. It was shown that this occurred because of the curvature of the tracks at the point of accident, which reduced the clearance between the car and platform to seven inches. Healy presented a claim for his injuries to the Railroad under the Federal Employers' Liability Act of 1908, as amended: 35 Stat. 65 (1908), 45 U.S.C.A. sec. 51 et seq., for its failure to provide him with a safe place to work. The Railroad called upon Sun to defend the claim, but Sun disclaimed any responsibility for the accident. The Railroad thereupon paid Healy $20,000 in settlement of his claim.

Trial was had before a jury. Counsel agreed that the jury was to answer four interrogatories. These interrogatories and the answers are as follows: "1. Was the accident caused by any negligent act or omission on the part of Sun Oil Co.? Answer: No. 2. Was the accident caused by any negligent act or omission on the part of the Pennsylvania Railroad Co.? Answer: No. 3. Was the injured party, Mr. Healy, negligent? Answer: Yes. 4. If Mr. Healy was negligent did his negligence contribute to the accident? Answer: Yes." The Railroad's motion for a new trial was refused. The judgment was then entered for Sun in accordance with the jury's findings. This appeal followed.

The trial judge charged the jury, and counsel for both parties are in agreement, that the Railroad was liable to Healy for failing to provide a safe place to work, and that the amount paid represented fair and reasonable compensation for the injuries sustained. See *Terminal R. Ass'n of St. Louis v. Fitzjohn*, 165 F. 2d 473 (8th Cir. 1948); *Buffo v. Baltimore & Ohio*

*Railroad Company,* 364 Pa. 437, 72 A. 2d 593; *Bishop v. Montour Railroad Company,* 379 Pa. 562, 109 A. 2d 549. The charge of the court was that the Railroad was liable for negligence under the Federal Act. At the same time the trial judge accepted an answer from the jury that the Railroad was not negligent. This, upon its face, was inconsistent. However, the error was harmless. Further, the parties agreed to the submission of the question to the jury.

Appellant bases its claim for restitution on Section 96 of the Restatement of Restitution, which is as follows: "A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." Although apparently this Court has never ruled on this section, we have recognized the right to indemnity (restitution) where one is subjected to liability for the wrongful act of another. In the case of *Builders Supply Company v. McCabe,* 366 Pa. 322, 77 A. 2d 368, Justice STERN (now Chief Justice) stated for the Court (p. 325) : ". . . The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. . . ." The pivotal issue in this case then, is whether Sun was primarily liable for the accident. But for Sun to be primarily liable, it first must be found that Sun's conduct was wrongful or, as stated in *Builders Supply Company v. McCabe,* supra, negligent.

Appellant contends that Sun was negligent under the Pennsylvania rule of negligence. It also maintains that even if Sun were not negligent under the Pennsylvania rule, since liability was imposed on the Railroad-appellant by the Federal rule of negligence, the standard of care embodied in that rule—admittedly more onerous than the Pennsylvania standard—must be used in evaluating the negligent quality of Sun's acts.

The trial judge properly charged the jury concerning the standard of care required by Pennsylvania law. The jury found that under this law Sun was not negligent. This finding is amply supported by the evidence. In order to reverse under these circumstances, this Court must find that the refusal to grant a new trial clearly constituted an abuse of discretion: *Joseph v. Rochester Motor Coach Company,* 380 Pa. 189, 110 A. 2d 214. No such abuse has been shown to here exist. The carefully considered opinion of the learned trial judge fully substantiates his ruling.

It is further contended that Sun's acts are to be measured by the standard of care applicable in Federal cases, and that the failure of the trial judge to charge on the Federal rule constituted ground for a new trial. This contention is without merit. There is no authority in Pennsylvania that the Federal rule should have been applied. The Federal cases cited in support of that theory are clearly distinguishable. All of those cases involved a written contract of indemnity. The case of *Chicago, R. I. & P. R. Co. v. Dobry Flour Mills,* 211 F. 2d 785 (10th Cir. 1954), heavily relied upon by appellant, involved a written contract of indemnity by which Dobry agreed to indemnify the Railroad for damages from ". . . any act or omission of the Industry. . . ." The Court of Appeals construed these words to mean wrongful or negligent acts which would create liability on the part of the Railroad. It was,

therefore, necessary to measure Dobry's negligence by the Federal rule of negligence. This rule is clearly inapplicable here since no contract of indemnity is involved.

In *Waylander-Peterson Co. v. Great Northern Ry. Co.*, 201 F. 2d 408 (8th Cir. 1953), (not cited by appellant), the Court of Appeals approved a rule by which the negligence, and contributory negligence, of the Railroad was determined by the Federal rule, and that of the Industry, by the rule of the State. In that case, as in the present one, there was no allegation of any relation between the parties from which a contract of indemnity could be shown or implied. In the absence of proof of some relation between the parties, which would require us to impose the Federal rule of negligence on the Sun Oil Company, the rule of the *Waylander* case, supra, will be followed. Since the Federal rule was clearly inapplicable, it was not necessary for the trial judge to charge thereon. Appellant has failed to demonstrate any basis by which the primary liability of Sun can be established. Since the Railroad's right to recovery is based upon such alleged liability, we need not consider the other reasons advanced for reversal.

Judgment affirmed.