## Gaita, Appellant, *v.* Pamula.

172

Argued March 12, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Louis I. Schwartz,* with him *John A. Blackmore, Hubert I. Teitelbaum* and *Goldstock, Schwartz, Teitelbaum & Schwartz,* for appellants.

*Frank B. Quinn,* with him *Quinn, Leemhuis, Plate & Dwyer,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, April 16, 1956:

In this action of trespass plaintiff-wife appeals from the refusal of her motion for a new trial, but the plaintiff-husband did not appeal. The action arises out of a collision between defendant's automobile and that of plaintiff's husband in which the wife was a passenger. The husband was joined as an additional defendant.

On July 4, 1952, plaintiffs, residents of Pittsburgh, were visitors in Erie, and at the time of the accident were driving towards the motel where they were staying. The husband was driving, and occupying the front seat with him were his wife (in the middle) and his aunt on the right. As they entered an intersection at a speed of 20-25 miles per hour, the rear of the car was struck by the rear of defendant's car, which was in the process of backing into the street on which plaintiffs were proceeding. Defendant then, and has since, admitted his fault in the collision.

Although the wife-plaintiff felt no immediate pain, she later claims to have suffered great pain and injury as a result of the accident, necessitating considerable medical and hospital expense, and resulting in permanent disability. Medical testimony was presented to the effect that the injuries resulted from this accident, which was contradicted by the medical testimony of defendant.

At a prior trial of this cause, the jury awarded a verdict of $2,000.00 in favor of the wife and against both defendants, allowing her $1,027.25 for medical expenses, $800.00 for future operation, and $172.75 for pain and suffering. The court below awarded a new trial because a portion of those expenses had been claimed by the husband, which could not have been recoverable by him except that he be found free from negligence. It is to be noted that if her testimony and that of her witnesses as to her pain and suffering, medical and hospital expense, and disability, were believed, that verdict would have been clearly inadequate.

On the instant trial the jury found only for the husband for his property damage in the amount of $93.39.

Plaintiffs frankly admit that "the charge of the trial judge was eminently fair and correct and the

plaintiffs do not complain of any trial error." However, plaintiff-wife contends that the verdict was contrary to the evidence, the weight of the evidence, and the law. In short, she claims that the verdict was capricious. The truth of the matter is that the jury chose to disbelieve plaintiff and her witnesses.

The evidence established that in 1945 the wife had sustained a severe fall resulting in a back injury which necessitated the removal of her coccyx bone. She was disabled for about three years, after which she returned to work. She and her witnesses testified that she had fully recovered. At the first trial the medical witnesses had suggested the possibility of a disc fracture, and prior to the second trial she underwent an operation which disclosed no such fracture. There was found, however, a "thickened area of tissue" at the point of pain, as to which there was testimony that it may or may not have resulted from this accident. Defendant's medical expert testified that this could have developed over a period of years. It could possibly have resulted from her prior fall.

Defendant contended at trial that the accident was not the cause of her disability, arguing that the impact was slight, and that there was no evidence of immediate pain. He further established that she had returned to work several days after the accident, to be laid off two weeks later only because of her pregnancy. The jury could well decide, and apparently did, that in the face of the extreme claims as to expenses and as to injuries, with all other proof before it, the plaintiffs were not to be believed. It was not bound to accept plaintiffs' testimony; nor was it bound by the opinions of their medical witnesses or by their version of the circumstances. "The world is mad with opinions upon every imaginable subject, but fortunately we only have to take those we approve. And so it is with juries;

they may reject in toto the opinion of any witness they disbelieve, and this whether that opinion is contradicted or not": *Ray v. Philadelphia,* 344 Pa. 439, 442, 25 A. 2d 145. Although the proof may be clear and indisputable, yet if it is dependent upon oral testimony, it is for the jury to decide as to the law applicable to the facts, under proper instructions of the court: *Joseph v. Rochester Motor Coach Co.,* 380 Pa. 189, 190, 110 A. 2d 214. We cannot substitute our judgment for that of the jury unless we find it was capricious. This we do not find here. As the court below stated: "Inasmuch as two juries have indicated skepticism with regard to the claims made and there being reasonable grounds for that skepticism under all the evidence we are of the opinion that the verdict of the jury should not be disturbed." The jury found facts and inferences therefrom in favor of the defendant, and it had ample justification for doing so. As we declared in *Joseph v. Rochester Motor Coach Co.,* 380 Pa. 189, 190, 110 A. 2d 214: *" 'It is indeed infrequent that a trial court grants a new trial solely on the ground that the verdict was against the weight of the evidence, and it is still more unusual for an appellate court to reverse a lower court's refusal of a new trial for such reason.'* (Italics supplied). Unless we find that the court below has abused its discretion in refusing new trial, therefore, we cannot reverse: Paustenbaugh v. Ward Baking Company, 374 Pa. 418, 421, 97 A. 2d 816." We cannot say that the court below abused its discretion in refusing a new trial, and therefore will not reverse.

Judgment affirmed.