Ward *v.* Commonwealth, Appellant.

Argued October 2, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD and JONES, JJ.

*Michael Halliday,* with him *John R. Rezzolla, Jr.,* Chief Counsel, *Frank E. Roda,* Assistant Attorney Gen-

eral, and *Thomas D. McBride,* Attorney General, for appellant.

*Nathan Routman,* with him *Harvey E. Moore* and *Routman, Moore & Goldstone,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 22, 1957:

On September 2, 1954, the Commonwealth of Pennsylvania condemned for highway purposes a certain portion of the land owned by the plaintiff Gordon Ward in the City of Sharon. The Board of Viewers awarded him $13,000. On appeal to the Court of Common Pleas, the jury fixed the damages at $16,000. The Commonwealth has appealed, seeking a new trial on the sole ground that it was not permitted at the trial to ask Gordon Ward how much he had paid for the property when he purchased it in September, 1949, over five years prior to the condemnation proceedings.

When the defendant sought to ascertain the original price paid by Gordon Ward the Trial Judge conducted a preliminary inquiry. Circumspectly he excluded the jury and heard evidence on the matter. He found that Ward had obtained the land from a bank which had been endeavoring to dispose of it for a considerable time and finally sold it at a low price in order to liquidate the assets of a corporation for which it acted.

Of course, it is hornbook law that in eminent domain cases the measure of damages to which the property owner is entitled represents the difference between the market value of his property immediately prior to, and the market value immediately after, the taking. It is also rudimentary jurisprudence that market value means the price at which a property is sold when the

owner is under no compulsion to sell and the purchaser is not for any reason forced to buy.

Thus, it is obvious, according to the circumstances found by the Trial Judge, that the amount paid by Ward was not synonymous with market value. What he got was a bargain. The price paid for property under the conditions indicated is no more a standard of market value than the comportment of impetuous and bargain-hungry buyers at a popular department store bargain basement sale can be regarded as a criterion of normal human behavior.

The Trial Judge concluded from the evidence presented before him that Gordon Ward had in fact acquired his property from a liquidating company which was operating under distress conditions. What a ship-owner offers to take for a ship flying distress signals with its decks awash cannot be regarded as market value.

The Trial Judge learned in his preliminary inquiry that at the time of the Ward property condemnation, namely, September, 1954, comparable property in the neighborhood had increased from two to ten times over what it was worth in September, 1949, when Ward acquired title to his property. Thus, the Judge held, and properly so, that "the circumstances of the purchase were so exceptional that to allow the jury to receive evidence of the amount paid would tend to confuse rather than to assist them in determining the value at the time of the condemnation." He refused to permit the cross-examination. Furthermore, the time was too remote. For these reasons we approve the Trial Court's ruling.

The cases relied upon by appellant are on their facts clearly distinguishable.

Judgment affirmed.