## Perla, Appellant, v. Commonwealth.

Argued January 14, 1958.   Before JONES, C. J., BELL, CHIDSEY, MUSMANNO and JONES, JJ.

*Guy A. Bowe, Jr.,* with him *Donald D. Dolbin,* for appellant.

*John E. Lavelle,* with him *John R. Rezzolla, Jr.,* Chief Counsel, *Frank M. Rhoda,* Assistant Attorney General, *Joseph M. Donnelly,* Deputy Attorney General, and *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 24, 1958:

The plaintiff was awarded $48,000 by a board of viewers as damages for the Commonwealth's appropria-

tion of a portion of his property for use in the relocation and widening of a State highway route. The Commonwealth appealed the award to the court of common pleas. At the ensuing trial of the issue, the jury returned a verdict in favor of the plaintiff for $35,000. Motions for new trial were filed by both the plaintiff and the defendant, the latter's motion being subsequently abandoned. As reasons in support of his motion the plaintiff assigned the trial court's affirmance of three points for charge submitted by the defendant and, also, that the jury's verdict was inadequate. The plaintiff had originally specified a fifth reason which he later abandoned and which, consequently, was not passed upon by the court below and need not be considered here. The court denied the plaintiff's motion and entered judgment on the verdict from which the plaintiff brought this appeal.

One of the points for charge, whereof the appellant complains, contains an instruction that the jury was not to consider as an element of damage the plaintiff's loss of his water supply which had been piped under the old highway from a reservoir on the property of one Raymond Breiner on the opposite side of the highway. Actually, the instruction conformed with the evidence in the case. There was testimony, it is true, that during the reconstruction of the highway from a two to a four-lane thoroughfare the plaintiff's water supply was necessarily interfered with temporarily. But, the plaintiff's own witness testified that, after the relocation and reconstruction of the highway, the property in question was supplied with water from the reservoir on the Breiner property across the way just as it had been before the condemnation. The only deprivation of water that the plaintiff ever suffered was purely incidental to the new construction work and did not constitute a taking, injury or destruction of the owner's

property right in his usual water supply. The case of *Weinschenk v. Western Allegheny Railroad Company,* 233 Pa. 442, 448, 82 A. 750, which the appellant cites, is not applicable to the facts of this case. There, a spring on the condemnee's land was destroyed whereby the owner was permanently deprived of his customary water supply and its value to his property.

Another of the questioned points for charge, which the defendant submitted and which the court affirmed, went to the fact that consideration of reconstruction cost in determining the market value of a property should be accompanied by a deduction for depreciation commensurate with the age of the building in question. The point was wholly innocuous so far as harm to the plaintiff was concerned. It was in keeping with what was said by this court in *Westinghouse Air Brake Company v. Pittsburgh,* 316 Pa. 372, 375, 176 A. 13, as follows: "In condemnation cases, to ascertain the damages accruing to an owner from the appropriation of his land or the consequential injury that may follow such appropriation, the usual and ordinary standard is the difference in the market value before and after taking. Estimates as to the costs of rebuilding specific items of property or injury to particular uses affected by the taking, are not recoverable or admissible as distinct items of damage, but such losses may become useful as elements bearing on the market value before and after the appropriation." In the instant case the testimony which evoked the requested instruction was actually elicited by the plaintiff in his cross-examination of one of the defendant's witnesses and was not thereafter objected to by the plaintiff.

The third of the three affirmed points for charge which the appellant assails was as follows: "You will judge the amount of damages from the inspection made by you as well as from the opinions of others who have

made an inspection and have given their opinions under oath and from the matters in evidence in the case." Standing alone, this instruction might be considered objectionable as likely having misled the members of the jury into assuming that they were to make their own individual appraisals of the damages from what they had seen upon their viewing of the premises in question.

Of course, the purpose of a view of the premises involved in a condemnation proceeding for determining the extent of the damages suffered from the appropriation is that the jury may thereby be better able to understand and evaluate the testimony of the witnesses as given during the trial and to resolve conflicts therein. *Roberts v. Philadelphia,* 239 Pa. 339, 345, 86 A. 926. The complained-of instruction did not stand alone, however. Upon sending the jury out to view the premises involved, the court cautioned the jury that "your verdict will be based upon what you hear in court". And, in charging the jury after the taking of testimony had been concluded the court declared: "The amount of the verdict, of course, is exclusively in your judgment; and the amount will be based upon the evidence as it was presented here in court from the mouths of the witnesses on the witness stand . . . It is your duty to base your verdict upon all of the testimony, based upon your recollection of it as it was given to you from the mouths of the witnesses here on the witness stand." Finally, "And, therefore, Members of the Jury, as we have already said to you, it becomes your problem to determine by your verdict what this plaintiff actually is entitled to. The amount will be based upon your judgment of the testimony as to the difference . . . between the fair market value of the plaintiff's property immediately before the taking . . . and the fair market value of the premises immediately after the taking, and

as affected by the taking." We are in accord with the opinion of the court below that "The point for charge did not confuse or mislead the Jury as to the object of the view."

As to the adequacy of the verdict, the court very properly and cogently observed, "We are familiar with the premises condemned in this case and after considering all of the testimony, we are unable to conclude that the verdict of the jury was inadequate. We are unable to find that the verdict is unjust, and contrary to the weight of the evidence, the law, or the charge of the court." For us to reverse the judgment of the court below and grant a new trial in the circumstances which this record discloses would unnecessarily and unjustly prolong the litigation.

Judgment affirmed.