Dyer *v.* Commonwealth, Appellant.

Argued May 1, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen and Bok, JJ.

reargument refused August 3, 1959.

*Frank E. Roda,* Assistant Attorney General, with him *John R. Rezzolla, Jr.,* Chief Counsel, and *Anne X. Alpern,* Attorney General, for appellant.

*John M. Eakin,* for appellees.

Opinion by Mr. Justice Benjamin R. Jones, June 30, 1959:

On November 30, 1956, the Commonwealth of Pennsylvania acting through its Department of Highways, condemned 3.97 acres of appellees' 20.3 acre tract for the purpose of the construction of a limited access highway. One of the improvements on the condemned portion of appellees' tract was a multiple dwelling which dwelling was relocated subsequently by appellees on a portion of their land which was not condemned.

The parties being unable to agree on the amount of damages, viewers were appointed, and the viewers awarded $57,000 to the appellees. An appeal from this award was taken by the Commonwealth to the Court of Common Pleas of Cumberland County and a jury trial resulted in a verdict in appellees' favor in the amount of $55,650. From the refusal of a new trial the Commonwealth has taken this appeal.

At the pre-trial conference in the court below, the Commonwealth contended that the measure of damages should be the difference between the value of the entire 20.3 acre tract before the condemnation, including all buildings situated thereon, and the value of the remaining tract after the condemnation, including the multiple dwelling as relocated by appellees. A written offer of proof of such values was submitted at trial and refused, and the jury was instructed that the multiple dwelling was to be considered in fixing the value of the land prior to condemnation, but was to be excluded from its consideration in determining the value of the remaining uncondemned portion of appellees' land.[1]

---

[1] The Commonwealth's offer also contained a proposal to cross-examine the husband-appellee concerning the value of all items (i.e. heating plant, plumbing fixtures, doors, etc.) which he salvaged from the buildings on the land. This offer was properly re-

The rule for establishing the measure of damages in eminent domain proceedings has been set forth recently in *Mazur v. Commonwealth*, 390 Pa. 148, 152, 134 A. 2d 669: "The owner of the land is entitled to receive as damages the difference between the value of the land *immediately* before the taking and the value of the land *immediately* after the taking, as affected by the taking . . . ." (Emphasis supplied): *Braughler v. Commonwealth*, 388 Pa. 573, 131 A. 2d 341. Furthermore, the cost of rebuilding or relocating improvements, necessitated by the condemnation, may not be introduced as a specific item of damage, but may be admitted only as bearing on the value of the property before and after the condemnation. In *Westinghouse Air Brake Co. v. Pittsburgh*, 316 Pa. 372, 375, 176 A. 13, we stated: "In condemnation cases, to ascertain the damages accruing to an owner from the appropriation of his land or the consequential injury that may follow such appropriation, the usual and ordinary standard is the difference in the market value before and after taking. Estimates as to the costs of rebuilding specific items of property . . . affected by the taking, are not recoverable or admissible as distinct items of damage, but such losses may become useful as elements bearing on the market value before and after the appropriation. [citing cases]". See also: *Perla v. Commonwealth*, 392 Pa. 96, 99, 139 A. 2d 673. Again in *Butler Water Company's Petition*, 338 Pa. 282, 13 A. 2d 72, where a utility was required to move certain facilities from a condemned portion of its land to another part of the land remaining after condemnation, we stated: "The award of the cost of removal of the facilities, however, cannot be justified as a separate item

---

fused by the trial court. The Commonwealth in its brief alleges no error in this respect and, apparently, does not question that ruling on this appeal.

of damage. The true measure of damages is the difference between the value of the property before and after the appropriation. *The cost of removal of things on the land to a different location is not allowable as a separate element of damage, but may be taken into account in fixing the before and after value*: Becker v. Phila. & Reading R. R. Co., 177 Pa. 252, 35 A. 617; Philadelphia Ball Club v. Philadelphia, 192 Pa. 632, 44 A. 265. . . ." (Emphasis supplied)

With the "taking" by the Commonwealth of appellees' land it acquired title, subject to appropriate compensation therefor, to all the improvements thereon, including the multiple dwelling.[2] Upon the "taking" the owner-appellees acquired the right to be compensated for the difference in the value of their land, including the improvements thereon, *immediately* before and *immediately* after the "taking"; such right to compensation was not subject to qualification by the fact that between the time of taking and the time of actual construction of the limited access highway the multiple dwelling had been removed to another location on the uncondemned portion of their land. To hold otherwise would be to ignore well-recognized and established rules in eminent domain proceedings and would add confusion in an already complicated field of the law.

The Commonwealth argues that, by the application of this rule, it is forced to pay the value of the multiple dwelling as such value is reflected in the "before" value and at the same time permit the owner-appellees to retain the multiple dwelling itself. The Commonwealth, however, does not lack a remedy in this situation. The owner-appellees are subject to an action in trespass for the removal of the multiple dwelling, title to which had

---

[2] See *Lakewood Memorial Gardens Appeal*, 381 Pa. 46, 112 A. 2d 135; *Philadelphia Appeal*, 364 Pa. 71, 70 A. 2d 847; *Shields v. Pittsburg*, 201 Pa. 328, 50 A. 820.

been acquired by the Commonwealth. Furthermore, if, as the owner-appellees contend, the Commonwealth had agreed to the removal of the building—denied by the Commonwealth—the Commonwealth would have an action for the fair value thereof. In discussing this issue the court below correctly stated: "Most assuredly the Commonwealth has a remedy for recouping the value of the apartment house which the [appellees] removed from within the right-of-way, and counsel were so advised at the pre-trial conference. If the edifice was removed without authority or permission, an action of trespass would lie. If there was an agreement for removal, but no price agreed upon, then a recovery could be had on the quasi-contractual theory of quantum valebat. We need not consider the situation where a fixed price was involved, because the Commonwealth does not contend that such conditions existed here."[3]

Under the views herein expressed, the interest of both the Commonwealth and the landowners are fully protected. If appellees' action in removing this multiple dwelling after the "taking" has resulted in a loss to the Commonwealth, the Commonwealth has its remedy to recoup such loss. On the other hand, to permit the establishment and the recoupment of such loss in this condemnation proceeding would be not only contrary to our salutary and well-established "before" and "after" rule but would be productive of an impractical and unworkable measure of damages.[4]

Judgment affirmed. Costs to be paid by the Commonwealth.

---

[3] *Smith v. Commonwealth*, 351 Pa. 68, 72, 40 A. 2d 383.

[4] "Proofs of countervailing collateral matter will follow the introduction of collateral matter; confusion of the issue on trial will be worse confounded; and litigation over damages for land taken by condemnation will become truly interminable:". *Berger v. Public Parking Authority of Pittsburgh*, 380 Pa. 19, 42, 109 A. 2d 709.

Mr. Justice BELL dissents.

Mr. Justice McBRIDE took no part in the consideration or decision of this case.