## Delaware County Redevelopment Authority v. Carminatti (No. 2)

*Joseph W. deFuria*, for plaintiff.

*Harold L. Ervin, Jr.*, for defendant.

OLMSTED, J., November 27, 1959.—This is a motion for a new trial.

Defendant Rose Carminatti owned and operated an automobile junk yard on property taken by plaintiff redevelopment authority. At a hearing before a jury of view Mrs. Carminatti offered evidence of the cost of removing the automobiles and parts, which evidence was received over the authority's objections. The jury of view assessed damages at $75,000, but allowed nothing for removal costs as a separate item of damage. Mrs. Carminatti excepted to this omission; we dismissed the exceptions: Delaware County Redevelopment Authority v. Carminatti, 18 D. & C. 2d 704.

Mrs. Carminatti then appealed to this court. At the jury trial each side presented testimony as to the "before" and "after" value of the property. None of the four expert witnesses took removal costs into consideration. Plaintiff's experts placed the "before" value at $62,500 and $66,400 respectively, defendant's at $93,000 and $96,000. The "after" value of all was zero. After all the other evidence was in, defendant offered to prove, by a mover, the cost of removing all of the material to another site. This evidence was excluded. The jury fixed the damages at $67,000. The exclusion of the mover's testimony, and a trial incident presently to be described, form the bases of the motion for new trial.

Defendant's proposition is that though removal costs could not be *allowed* as a separate item of damages, they could be *proved* as a separate item. This is not

the law: Chambers v. South Chester Borough, 140 Pa. 510, 522. The cost of removal is not admissible as an independent fact for the jury but might enter into the view of the expert in forming his opinion: Harris v. Schuylkill R. Co., 141 Pa. 242, 253.

In Westinghouse Air Brake Company v. Pittsburgh, 316 Pa. 372, 375, Mr. Justice Kephart is explicit that: "Estimates as to the costs of rebuilding specific items of property or injury to particular uses affected by the taking, are not recoverable *or admissible* as distinct items of damage, but such losses may become useful as elements bearing on the market value before and after the appropriation" (Italics supplied).

Butler Water Company's Petition, 338 Pa. 282, relied on by defendant, does not depart from but rather reiterates the rules laid down in the earlier cases cited above (see page 284); this is the view of the Butler case taken in Dyer v. Commonwealth, 396 Pa. 524.

In the Butler Water case the landowner was under compulsion to remove its pipes from the land taken. Mrs. Carminatti was under no such compulsion. She could have abandoned the junk had she wished to; obviously she moved it because its value exceeded the cost of removal. The removal costs were thus a debit item on the resale of personalty, not a part of the condemnation of realty. The "after" value of Mrs. Carminatti's land, as agreed by all four experts, was zero; it is difficult to see how the cost of removal of personalty, which was optional and not compulsory, could reduce the "after" value of the real estate below zero. The cost of removal would not affect the "before" value because there was no removal or need for removal immediately before the taking.

The other reason for a new trial concerned a newspaper story, published during the trial, which was read by some of the jurors. The story, in humorous vein, makes fun of the "vintage" bus which the jury rode

from the court house to the premises, the implication being that the bus might not be distinguished from its contemporaries in the junk yard. The incident is trivial.

At the end of the newspaper story was the statement that the jury of view had awarded $75,000 and that Mrs. Carminatti was seeking $85,000. Counsel for the authority brought the story to the attention of the court and moved for the withdrawal of a juror. Counsel for defendant made no such motion. The trial judge decided not to withdraw a juror, but to cover the matter in his charge by instructing the jury to disregard the newspaper story. This he did. Defendant's counsel did not except to this part of the charge.

Jury trials are of interest to the public and are proper subjects of newspaper reportage. Unless it clearly appears that a newspaper story, which has come to the attention of the jury, must have substantially injured one of the litigants beyond the reasonable possibility of correcting the matter in the charge, the incident does not warrant the expense, delay and uncertainty of a new trial, especially in a civil case: Sakson v. Finlayson, 6 D. & C. 2d 514.

The verdict is not against the weight of the evidence. It is apparent that 12 men and women of the vicinage, who inspected the premises, and heard the expert witnesses, thought the land was worth less than the jury of view considered it to be worth.

We therefore make the following

### Order

And now, to wit, November 27, 1959, defendant's motion for a new trial is denied. The prothonotary is directed to enter judgment on the verdicts in the amount of $26,500 in no. 616, June term, 1959, and $40,500 in no. 617, June term, 1959, in favor of defendant Rose Carminatti and against plaintiff Redevelopment Authority of the County of Delaware.