Buehler, Appellant, *v.* Commonwealth.

Argued January 3, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Harold J. Ryan,* with him *Samuel B. Russell,* and *Ryan & Russell,* for appellants.

*James Patrick Garrity,* Assistant Attorney General, with him *Robert W. Cunliffe,* Assistant Attorney General, *John R. Rezzolla, Jr.,* Chief Counsel, and *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 14, 1962:

On June 9, 1954, appellants acquired certain real estate abutting the southerly side of U. S. Route 22

in Bethel Township, Berks County. The property had a frontage of more than one-quarter of a mile on said highway and was used by appellants as the site for their residence, as well as for the operation of a motel business. On July 28, 1958, the Commonwealth condemned for highway purposes, a portion of appellants' land. The board of viewers awarded the property owners $27,000 including damages for delay to the date of the viewer's report. The Commonwealth appealed the award to the court of common pleas, and, after trial, the jury awarded the property owners $16,133, being $14,600 damages for the taking and $1,533 for delay. The property owners filed a motion for a new trial which was refused by the court en banc. It is from the refusal of a new trial and entry of judgment on the verdict of the jury that the property owners appeal.

Appellants argue that the trial court fell into prejudicial error when it refused them an opportunity to show that the sale to them of the premises in question was a forced sale, after the Commonwealth had put in evidence the price paid by appellants for the property.

The deed evidencing appellants' title was offered in evidence by them, solely to prove title in them. In cross-examination, the Commonwealth elicited from Charles Buehler that the purchase price was $32,000. The Commonwealth then went on to show that the deed contained a handwritten notation to the effect that the actual consideration was $25,200. Both Charles Buehler and his grantor, as well as a witness to the agreement of sale, testified that the sale price was $32,000, with no value having been set on some items of personalty which were included in the sale. The settlement sheet prepared at the time of the closing was introduced by the Commonwealth and shows a consideration of $25,200 and an additional $5,000 for personalty. Both Buehler and his grantor expressed ignorance of the reason that the settlement sheet reads as it does and

of the handwritten notation on the deed. Appellants' grantor testified that the only explanation he could offer for the $25,200 figure was that that was the amount of cash changing hands, he, the grantor, having received as part of the consideration a truck and trailer, valued at $3,800, and a $3,000 second mortgage.

Appellants urge that whatever the actual purchase price was, whether $25,200, $27,200 or $32,000, they were entitled to show that the sale was not a willing one, the seller being under some compulsion to sell. The court below stated that "The only reason the consideration paid by plaintiffs for the property in question was allowed to be put into evidence was the fact that the deed to plaintiffs in 1954 contained a handwritten notation that the actual consideration for the real estate was $25,200. . . . The Court refused to allow plaintiffs' counsel to introduce evidence tending to show that Mr. Creswell, plaintiffs' seller in 1954, was not a willing seller, for the reason that the Court considered the matter too remote from the time of taking in 1958."

In *Ward v. Commonwealth*, 390 Pa. 526, 527, 528, 136 A. 2d 309 (1957), Mr. Justice MUSMANNO, speaking for this court said: "Of course, it is hornbook law that in eminent domain cases the measure of damages to which the property owner is entitled represents the difference between the market value of his property immediately prior to, and the market value immediately after, the taking. It is also rudimentary jurisprudence that market value means the price at which a property is sold when the owner is under no compulsion to sell and the purchaser is not for any reason forced to buy."

In addition to the expert testimony offered by the parties, the jury might well have taken the purchase price into consideration in arriving at the market value before the taking. We have held that "Generally speaking, an owner of property may be asked what he paid

for the property and similarly the price at which he offered to sell the property, if the purchase or sale was not too remote." *Berger v. Public Parking Authority of Pittsburgh,* 380 Pa. 19, 109 A. 2d 709 (1954). The court below, after allowing the purchase price to be introduced into evidence, ostensibly to impeach Buehler's credibility, refused to permit testimony tending to show that the price was not a reflection of "market value", for the reason that the purchase was too remote from the taking. Irrespective of the reason for the admission of the purchase price, the fact remains that it was before the jury and, unexplained, might have put appellants at an unfair disadvantage, since such a price may be considered in arriving at a before taking value. *Berger v. Public Parking Authority of Pittsburgh,* supra; *Lutz v. Allegheny County,* 327 Pa. 587, 195 A. 1 (1937); *Greenfield v. Philadelphia,* 282 Pa. 344, 127 A. 768 (1925). Under our decisions, the four years and two months which passed between the purchase and taking would not alone bar the purchase price for remoteness. *Lutz v. Allegheny County,* supra.

In *Berger,* supra, at page 23, we held that "Of course the owner has the right to explain or deny or rebut this evidence and to offer evidence of a change in the neighborhood or an increase in values of properties therein *or any other relevant fact."* (Emphasis supplied) The fact that the seller was under a compulsion to sell and that, therefore, the purchase price did not reflect market value, is just such "other relevant fact" as was contemplated by *Berger.*

Appellee submits that appellants waived their right to introduce the excluded evidence by failing to object to the admission of the purchase price. It cites *Ward v. Commonwealth,* supra, wherein an objection was made to the admission of the purchase price. There, the trial court heard, in camera, evidence, which showed clearly that the purchase price did not reflect

the market value and excluded the evidence. This Court approved the action of the trial court. That is not, however, the equivalent of a holding by this Court that parties must proceed in that fashion in all cases. For reasons best known to him, perhaps because his case is not as clear as *Ward*, appellants' counsel chose to allow the introduction of the purchase price without objection, undoubtedly believing that he would have later opportunity to rebut its implication.

Although the opinion of the court en banc indicates that evidence on the circumstances of the sale was refused for remoteness, it is apparent from a review of the record that the proffered testimony was objectionable as calling for a conclusion. The record discloses the following direct examination of appellants' grantor: "Q. At the time you sold this property to the Buehlers were you a willing seller or were you under some compulsion to sell? Mr. Kilimnik [Counsel for the Commonwealth]: Objected to. The Court: Sustained."

There the entire matter ended until it was raised by appellants in their motion for a new trial. No offer was made at side bar; no attempt was made to rephrase the question to eliminate the necessity for the witness' stating a conclusion. In these circumstances the trial judge cannot be criticized for sustaining an objection to an obviously objectionable question.

All of appellants' other assignments of error are without merit and were properly decided by the court below.

Judgment affirmed.