## Rental of Condemned Property

ALLEN MILES RUBEN, Deputy Attorney General, and DAVID STAHL, Attorney General, November 21,

1962.—You have asked our opinion whether the Commonwealth is entitled to collect rent on properties which have been condemned for highway purposes. In the event that our answer is in the affirmative, you further request advice whether your department has any responsibility for the management of the properties and the collection of income therefrom.

Under the eminent domain provisions of the present Highway Code, land is taken and title passes to the Commonwealth when the right-of-way plans are approved by the Secretary of Highways and the Governor and filed as a public record.*

Frequently, however, a considerable period of time elapses between the time of condemnation and the time when the right-of-way is cleared for highway construction, and the former owner or his tenant often continues occupancy of the premises in the interim.

But since, as of the date of taking, the former owner and those claiming under his title cease to have rights in the property (Dyer v. Commonwealth, 396 Pa. 524, 152 A. 2d 760 (1959)), such use creates a tenancy at sufferance for which the Commonwealth is entitled to collect a reasonable rent. Cf. City of Philadelphia v. Miskey, 68 Pa. 49 (1871). See also Dougherty's Estate, 58 D. & C. 202 (1947); Williams v. Ladew, 171 Pa. 369, 33 Atl. 329 (1895); Henwood v. Cheeseman, 3 S. & R. 500 (1817).

Of course, in lieu of rent the Commonwealth may agree with the owner to a reduction in the price paid for the property or to a waiver of detention damages. The nature of the consideration to be obtained from the former owner for his tenancy is within the dis-

---

* Act of June 1, 1945, P. L. 1242, secs. 208, 210, 36 PS §§670.208, 670.210. See also section 2003(h) of the Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §513(h); Act of June 14, 1923, P. L. 754, sec. 3, as amended, 36 PS §953; Henry v. Allegheny County, 403 Pa. 272, 277, 169 A. 2d 874 (1961).

cretion of the representatives of the Commonwealth responsible for the condemnation negotiations.

Even if, upon condemnation, the former owner vacates the premises, the Commonwealth still has the duty to make the condemned property income-producing while occupancy is still practical so as to minimize the public expenditure.

The first question being answered in the affirmative, we consider the functions of the Department of Highways as they bear on property supervision and rental.

The Administrative Code of 1929 places upon the Department of Property and Supplies the duty to rent all real estate owned by the Commonwealth which is not being used in connection with State work. With this responsibility goes the power of custodial supervision over all buildings, land and property of the State: Act of April 9, 1929, P. L. 177, as amended, 71 PS §632 (i) (a). It would therefore follow that the Department of Property and Supplies, rather than the Department of Highways, is the appropriate agency for collecting rent from property condemned by the Commonwealth for highway purposes.

However, while the Department of Highways has personnel employed throughout the State in 12 highway districts, the Department of Property and Supplies does not, and hence this function may well be more readily carried out by Highways than by Property and Supplies. Under these circumstances, the provisions of section 501 of the Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §181, dealing with coordination of work may be invoked. This section provides that:

"The several administrative departments . . . shall devise a practical and working basis for cooperation and coordination of work . . . and shall, so far as practical, cooperate with each other in the use of em-

ployes ... The head of any administrative department ... may empower or require an employe of another such department . . . subject to the consent of the head of such department . . . to perform any duty which he or it might require of the employes of his or its own department . . ."

By virtue of this authority, the two departments may make such arrangements as will best assure the proper management of property condemned by the Commonwealth.

It is our opinion, therefore, and you are accordingly advised, that the Commonwealth is entitled to collect rent on properties which have been condemned for highway purposes, and that the primary responsibility for the management of such properties and the collection of income therefrom is in the Department of Property and Supplies, subject to coordination with the Department of Highways in accordance with the Administrative Code of 1929.