Calabria, Appellant, *v.* Brentwood Motor Coach Company.

Argued October 1, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

Leonard J. Paletta, with him McArdle, Harrington & McLaughlin, for appellant.

William C. Walker, with him Dickie, McCamey, Chilcote & Robinson, for appellee.

OPINION BY MR. JUSTICE COHEN, November 12, 1963:

This is an appeal from the judgment entered after the denial of plaintiff-appellant's motion for a new trial on the ground that the jury's verdict was against the weight of the evidence. The scope of our review is to determine whether the court below clearly abused its discretion or committed an error of law in refusing to set aside the verdict of the jury. Menyo v. Sphar, 409 Pa. 223, 186 A. 2d 9 (1962).

At the trial below, appellant asserted that he was injured while riding as a passenger in defendant-appellee's bus when it collided with additional defendant-appellee's car. The accident occurred while both vehicles were proceeding slowly in rush-hour traffic and the resulting impact was of a slight nature. Appellant testified that over a four year period subsequent to the accident he incurred medical bills of $4,202.95 and lost wages in the amount of $2,553.25, all of which he attributed to the accident.

Whether or not appellant's injuries were in fact caused by the slight impact resulting from the collision of the two vehicles was a question for the jury. In deciding this causality problem, the jury was free to disregard the medical opinions offered by appellant's witnesses. See Gaita v. Pamula, 385 Pa. 171, 122 A. 2d 63 (1956). Hence the court below did not abuse its discretion in refusing to set aside the verdict of the jury.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.