## McWilliams v. Pa. Department of Transportation

*Martin Cusick,* for plaintiffs.

*W. Allen Dill,* for defendant.

ACKER, J., September 29, 1971.—During a pre-trial conference the issue was presented as to whether the Commonwealth is entitled to have a view not only

of the premises, but of a dwelling house formerly located upon the premises, but now removed approximately five homes away on the same state highway. No authority has been presented by either party concerning their respective positions. The right of view is contained in the Act of June 22, 1964, P. L. 84, art. VII, sec. 703, as amended, 26 PS §1-703. There it is provided, "At the trial in court on appeal: (1) Either party may, as a matter of right, have the jury, or the judge in a trial without a jury, view the property involved, notwithstanding that structures have been demolished or the site altered, and the view shall be evidentiary. If the trial is with a jury, the trial judge shall accompany the jury on the view."

The comments by the Joint State Government Commission appear in Purdon's Annotated Statutes Cumulative Annual Pocket Parts, page 61, noting that the right to view is no longer left to the discretion of the court.[1]

In Durika v. Derry Township School District, 415 Pa. 480, 203 A2d 474 (1964), it was claimed, inter alia, that the lower court abused its discretion in permitting a jury to view the premises even though the dwelling house had been removed to a different location on another part of the same lot. The Supreme Court in refusing this position affirmed the instructions given by the lower court. It is to be noted that this case was tried prior to the Eminent Domain Code of 1964. By the present statute that which is seen at the time of the view is evidentiary in nature and not just as an assistance in the jury evaluating evidence concerning the same matters produced in court. We

---

1 This section of the Eminent Domain Code was, however, declared unconstitutional in Creasy v. Commonwealth, 39 D. & C. 2d 12 (Allegheny County—Aldisert, J., 1965).

believe that the legislature is referring to the real property when it states in the statute, "the property involved." This is bolstered by the subsequent language of the same section which gives the right to view the property involved notwithstanding that the structures have been demolished or the site altered. The statute does not make any reference to a right to view property which has been severed or removed to another location. The value of a home may well be determined not only by its structure but by the way that it is implaced upon the land available which creates an overall impression to a prospective purchaser as to the desirability of that house and lot.

The position of the Commonwealth is further substantially diluted by the agreement that if the court would permit an inspection of the house, it would be limited to the exterior only. This court has been supplied with photographs of the house which the property owners are prepared to introduce into evidence and to which there was no objection at the pretrial conference. We believe that they more adequately depict the house than an actual view after the home has been removed to another location. Further, the benefit from a jury viewing a home is frequently the opportunity to walk through the home and determine the physical condition of not only the exterior but the interior. This includes utilities available, condition of the furnace, duct work, joists, attics and many normally unnoticed parts of a dwelling which apprise the jury of the physical condition or amount of use that it has undergone. By the stipulation of the Commonwealth as to the limited view the heart of the logic for permitting such a view has been removed. It should be stated, however, in defense of counsel for the Commonwealth that he has no knowledge as to how much work has been done to the interior

334

of the home by its new owners and that it may well have been so substantially changed that it would have no evidentiary value in any event.

Finally, there is no assurance the new owners would voluntarily consent to the court and jury trespassing upon their land even to view the exterior of the residence.

Wherefore, the request to view the premises themselves is granted, but the motion to view the residence as severed from the real estate and relocated is denied.

### ORDER

And now, September 29, 1971, the motion for view of the Commonwealth is granted as to the premises, but as to the dwelling house now severed and removed to another location is denied.

### EXCEPTION

And now, this 29th day of September, 1971, the Commonwealth excepts to the foregoing order and the exception is hereby granted.